UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRAXSTON LAMAR ROUSELL | CIVIL ACTION |
| VERSUS | NO. 17-1429 |
| SHERIFF NEWELL NORMAND ET AL. | SECTION "E"(2) |

**REPORT AND RECOMMENDATION**

At the time of filing this complaint, plaintiff Braxston Lamar Rousell, was a prisoner incarcerated in the Jefferson Parish Correctional Center. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Jefferson Parish Sheriff Newell Normand; Correcthealth Jefferson, LLC ("Correcthealth"); Jefferson Parish Correctional Administrator Sue Ellen Monfra; and Correcthealth Registered Nurse Kelly Harris. Plaintiff alleges that he was denied proper medical and dental care for a gum infection and abscessed tooth. He seeks care and an investigation regarding why he has not received "professional medical treatment as stated in the inmate policy, procedure and regulation handbook." Plaintiff asserts that defendants "are in breach of this facility's code of standard operating procedure" and that he would "like this to be rectified for all persons who may be unfortunately forced to serve illegal incarceration and other terms of servitude." Record Doc. No. 1 (Complaint at ¶¶ IV and V).

Defendant Correcthealth has filed a motion to dismiss plaintiff's claims for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6). Record Doc.

No. 8. Plaintiff failed to file any response to defendant's motion as previously ordered by the court. In addition, plaintiff also failed to appear for the preliminary conference that was set before me on April 27, 2017. The record reflects that the court's orders requiring plaintiff to respond to defendant's motion to dismiss and setting the preliminary conference were returned to the Clerk with notations indicating that plaintiff was no longer incarcerated at the Jefferson Parish Correctional Center. Jefferson Parish Correctional Center staff have advised the court that plaintiff was released from incarceration on March 16, 2017. Record Doc. Nos. 10, 11, 12, 16. In violation of Local Rules 11.1 and 41.3.1, plaintiff has failed to advise the court of his current mailing address after his release from jail.

Having considered the motion, the record as a whole and the applicable law, I recommend that defendant's motion should be GRANTED and this case DISMISSED WITH PREJUDICE for the following reasons.

## THE RECORD

In his original complaint, Rousell alleged that he had developed a gum infection due to "lack of dental attention . . . 14 days after having a simple dental procedure performed on 10/1/16 by Correcthealth and its contracted dentist within custody of Jefferson Parish Correctional Center." Record Doc. No. 1 (Complaint at p. 4, ¶ IV). He stated that he had suffered "vomiting, pieces of tooth shards breaking off and attempting

2

to consume food only on one side of my mouth." Id. He alleged that he had "not seen any medical care for this issue," despite numerous requests, and that the condition "continues to hurt and cause me pain." Id.

In response to the court's order providing an opportunity to expand upon his claim, Rousell wrote that he experienced "denial of emergency services of professional care and or treatment by a physician" for the "aftermath injury sustained by a simple oral dentistry procedure that went wrong causing adverse effects to my gum tissue and tooth area. . . ." Record Doc. No. 7 (Statement of Facts at p. 2). He alleged that he was "unable to chew until the pain subsided naturally by growing more tissue to replace where [his tooth] once was. The area still has never healed and bleeds quite frequently causing vomiting on several occasions." Id. He alleged that the problem was caused by "poor surgical technique . . . either by poor sterilization of equipment or by erroneous work performed." Id.

Rousell's medical records provided in response to the court's order, Record Doc. No. 5, indicate that he requested tooth extraction on September 29, 2016. On November 1, 2016, he was seen by a dental assistant in response to his complaint that a back molar was cutting the inside of his cheek. Upon examination, the dental assistant identified "gross decay and sharp edges" in Rousell's right bottom molar and the "tooth cutting buccal mucosa. Inmate says tooth is not bothering him other than being sharp. Tooth

smoothed off." Record Doc. No. 19 (Medical Records, "DH: Dental Assessment" 11/1/16). On December 4, 2016, Rousell was seen in response to his complaints that he had a tooth abscess on the right side of his mouth causing difficulty eating. The responder's notes indicate "no abscess noted." Medical chart notes written by a licensed nurse practitioner on December 16, 2016 state: "Saw inmate during psych round with doctor. No abscess, no bleeding gums, no swelling noted. Inmate is in no distress. He desires certain foods and only wants medication and handling from certain people. Inmate has seen dentist, medical and mental health. Will continue to monitor." Id. On March 3, 2017, Rousell was again seen by a nurse in response to his complaint of tooth pain. The nurse's notes indicate "inmate talking without difficulty and in no apparent distress." On March 6, 2017, in response to another complaint, the nurse referred him for a dental examination, but his appointment with the dentist set for March 21, 2017, was cancelled because he had been released from the jail. Id.

## ANALYSIS

I. STANDARD OF REVIEW

The current procedural posture of the case requires the court to apply two different but closely related legal standards to evaluate Rousell's claims. First, Rule 12(b)(6) standards apply to Correcthealth's motion to dismiss. Second, the court applies the well-established screening standards emanating from 28 U.S.C. § 1915 to determine if

Rousell's claims involving his medical and dental care are legally frivolous or state a cognizable Section 1983 claim.

(A)     MOTION TO DISMISS

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. The Supreme Court recently clarified the standard for a motion to dismiss under Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must 'accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff.'" Id. at 803 n.44 (quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)) (internal quotation omitted).

The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments. Walch v. Adjutant Gen.'s Dep't, 533 F.3d 289, 293 (5th Cir. 2008). Defendant's motion addresses only the sufficiency of the allegations of the complaint as a matter of law, not whether the allegations are true. Thus, for purposes of the motion, the court accepts "'all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs.'" Jabary v. City of Allen, No. 12-41054, 2013 WL 6153241, at *3 (5th Cir. Nov. 25, 2013) (quoting Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008)). "With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 664).

(B) <u>SCREENING STANDARDS</u>

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Lee v. Hennigan, 98 F. App'x 286, 287 (5th Cir. 2004) (citing Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998)); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998); Lewis v. Sec'y, DOC, No. 2:10-CV-547-FTM-29, 2013 WL 5288989, at *2 (M.D. Fla. Sept. 19, 2013), aff'd, 589

F. App'x 950 (11th Cir. 2014). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Lewis v. Charlotte Corr. Inst. Emps., 589 F. App'x 950, 952 (11th Cir. 2014); Thompson, 213 F. App'x at 942; Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of

law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, Correcthealth's motion should be granted and plaintiff's Section 1983 complaint should be dismissed in its entirety under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1), either as legally frivolous because it lacks an arguable basis in law or under Rule 12(b)(6). Plaintiff's complaint fails to state a cognizable claim of violation of Rousell's constitutional rights, even under the broadest reading.[1]

## II. MEDICAL CARE

At the time he filed this complaint, Rousell was a convicted inmate serving a six-month prison term. Record Doc. No. 7 at p. 1. In Estelle v. Gamble, 429 U.S. 97, 104 (1976), the Supreme Court held that a convicted prisoner may succeed on a claim for damages under 42 U.S.C. § 1983 for inadequate medical care only if he demonstrates that there has been "deliberate indifference to serious medical needs" by prison officials or

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

8

other state actors. Only deliberate indifference, "an unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind," constitutes conduct proscribed by the Eighth Amendment. Id. at 105-06; accord Gregg v. Georgia, 428 U.S. 153, 182-83 (1976). "Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

An inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment. "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (quotation omitted).

Further, the plaintiff must establish that the defendant possessed a culpable state of mind. Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

In the Section 1983 medical care context, a showing of deliberate indifference to serious medical needs "requires the inmate to allege that prison officials 'refused to treat

him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would <u>clearly evince a wanton disregard</u> for any serious medical needs.'" <u>Brewster v. Dretke</u>, 587 F.3d 764, 770 (5th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 3368 (2010) (quoting <u>Domino v. Tex. Dep't of Crim. Justice</u>, 239 F.3d 752, 756 (5th Cir. 2001)) (emphasis added). "Mere negligence or a failure to act reasonably is not enough. The officer must have the subjective intent to cause harm." <u>Mace v. City of Palestine</u>, 333 F.3d 621, 626 (5th Cir. 2003).

> The Supreme Court has recently reaffirmed that "deliberate indifference" is a <u>stringent</u> standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. <u>Board of the County Commissioners of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397, 117 S. Ct. 1382, 1391 (1997). The deliberate indifference standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversight[s]."

<u>Southard v. Texas Bd. of Crim. Justice</u>, 114 F.3d 539, 551 (5th Cir. 1997) (additional citations omitted) (emphasis added). "'Subjective recklessness,' as used in the criminal law, is the appropriate test for deliberate indifference." <u>Norton</u>, 122 F.3d at 291.

Initially, it cannot be concluded that the conditions plaintiff described presented serious medical needs that posed a substantial risk of harm during Rousell's incarceration at the jail. Neither Rousell's written submissions nor his medical records concerning his dental care identified any actual risk of serious harm or any actual serious harm resulting from the alleged inadequate treatment sufficient to rise to the level of serious medical

10

needs for purposes of constitutional analysis. See Harrison v. Barkley, 219 F.3d 132, 137 (2d Cir. 2000) ("Ordinarily, a tooth cavity is not a serious medical condition" and treatment "can safely be delayed."); Martin v. Tyson, 845 F.2d 1451, 1457-58 (7th Cir. 1988) (delay in treating broken tooth not sufficiently serious); Mosely v. Highsmith, No. 4:07-CV-1578, 2008 WL 294484, at *2 (E.D. Mo. Jan. 31, 2008) (installing a crown not a serious medical need); O'Connor v. McArdle, No. 04-CV-314, 2006 WL 436091, at *6, *9 (N.D.N.Y. Feb. 22, 2006), aff'd, 217 F. App'x. 81 (2d Cir. 2007) (Inmate's request for a replacement permanent bridge was not a serious medical need when he received ongoing dental treatment, his dentist did not recommend a replacement bridge and plaintiff did not allege any demonstrable physical injury or effect on his activities of daily living.).

Even assuming, however, without concluding that plaintiff's condition presented a serious medical need for constitutional purposes, Rousell has alleged facts, confirmed by his written submissions and the medical records, that negate any inference of deliberate indifference by jail officials. His complaint, as amended by his written statement of facts expanding upon his claim and confirmed by the medical records, shows that he received constitutionally adequate dental and medical care while incarcerated in the Jefferson Parish Correctional Center.

Rousell's written submissions and the medical records confirm, that while incarcerated in the jail he was treated by medical personnel in response to his dental complaints on numerous occasions, including when he initially received a dental procedure in response to his complaints.  See, e.g., Banks v. York, 515 F. Supp. 2d 89, 103-04 (D.D.C. 2007) (Prison officials' failure to provide inmate with replacement crown was not deliberate indifference when dentist treated prisoner); O'Connor, 2006 WL 436091, at *10 (Even assuming that plaintiff had a serious medical need, no deliberate indifference existed when he was seen by a dentist and received a dental procedure.); Turk v. Thomas, 121 Fed. Appx. 24, 2005 WL 32817, at *1 (5th Cir. 2005)) (There were no constitutional violations when first plaintiff's injury was not severe enough to warrant medical attention and healed on its own in a few days).

Under these circumstances, it cannot be inferred that jail personnel were deliberately indifferent in any way to plaintiff's medical condition.  While it is clear from his allegations and testimony that Rousell is not satisfied with the speed, nature or quality of his dental care, no finding of deliberate indifference can be made based on this record.

> [T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment. A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.  Deliberate indifference is an extremely high standard to meet.

Gobert, 463 F.3d at 346 (footnotes, citations and internal quotations omitted) (emphasis added). No such showing has been made on the current record. In Rousell's case, the decisions made by the treating medical providers to render the care that they gave, rather than the different care he desires, are classic examples of the exercise of "medical judgment," which, even if incorrect, cannot serve as the basis for a finding of deliberate indifference in the constitutional sense.

At most, Rousell's contentions that his dental problems were caused by "poor surgical technique . . . , poor sterilization of equipment, or by erroneous work performed," or that his medical care providers disagreed with his self-diagnosis of a tooth abscess, do not give rise to a Section 1983 claim. "[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not." Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999) (citation omitted) (active treatment of prisoner's serious medical condition that ultimately resulted in death does not constitute deliberate indifference, even if treatment was negligently administered); See Corte v. Schaffer, 24 F.3d 237, 1994 WL 242793, at *1 (5th Cir. 1994)) (Contrary to plaintiff's allegation that he had received "no treatment" because he believed he needed a referral to a specialist, he failed to demonstrate deliberate indifference when he was seen by prison medical personnel with results being within a normal range.); Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993)

13

(prisoner's disagreement with the type or timing of medical services provided cannot support a Section 1983 claim); Wesson, 910 F.2d at 284 (allegations establishing provision of medical treatment are inconsistent with inference of deliberate indifference).

Plaintiff's complaints in this case about his dental care fail to state a claim of violation of his constitutional rights sufficient to obtain relief under Section 1983 because he cannot establish "deliberate indifference" under the applicable constitutional standard. His claim must therefore be dismissed.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that the motion of defendant Correcthealth Jefferson, LLC to dismiss plaintiff's claims against it, Record Doc. No. 8, be GRANTED, and that plaintiff's Section 1983 complaint be **DISMISSED WITH PREJUDICE** in its entirety as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

The record reflects that plaintiff provided the court with an alternative address in his original complaint filed in this matter. Record Doc. No. 1 (Complaint at ¶ III A., p. 3). Accordingly, **the Clerk is directed to enter on the docket sheet of this case and mail a copy of this order to the alternative address <u>provided</u> <u>by</u> <u>plaintiff</u> <u>in</u> <u>his</u> <u>Complaint</u> at p. 3.**

New Orleans, Louisiana, this \_\_\_\_17th\_\_\_\_ day of May, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE


**CLERK TO NOTIFY ALL PARTIES <u>AND</u>**

**PLAINTIFF AT THE FOLLOWING ADDRESSES:**

**BRAXSTON LAMAR ROUSELL #1000026800
JEFFERSON PARISH CORRECTIONAL CENTER
P. O. BOX 388
GRETNA, LA 70054**

**<u>AND</u>**

**BRAXSTON LAMAR ROUSELL
3897 CHRISWOOD LANE
HARVEY, LA 70058**

---

[2] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

15